UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANDRE DERRELL LEE** | **CIVIL ACTION NO. 16-90-P** |
| **VERSUS** | **JUDGE JAMES** |
| **JUDGE MAURICE HICKS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil action filed by pro se petitioner Andre Derrell Lee ("Petitioner"), pursuant to 28 U.S.C. § 1361.  This complaint was received and filed in this court on January 20, 2016.  Petitioner names Judge Maurice Hicks as defendant.

Petitioner seeks a writ of mandamus to order Judge Maurice Hicks to rule on his petition for habeas relief filed in case number 5:15-cv-665.  On May 18, 2016, Judge Maurice Hicks dismissed Petitioner's petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies in case number 5:15-cv-665.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's action be **DISMISSED WITH PREJUDICE** as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 2nd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge